UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


LONNIE WAYNE EDWARD MARONEY,

    Plaintiff,

v.                                      3:08-cv-38

BRAD WARD and
JEFFERSON COUNTY SHERIFF'S DEPT.,

    Defendants.


## MEMORANDUM AND ORDER


The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendant Brad Ward. The Jefferson County Sheriff's Department is not a suable entity within the meaning of 42 U.S.C. § 1983 and it is **DISMISSED** from this action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is

not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed.Appx. 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) ("the Sheriff's department itself is not a suable entity under Section 1983").

The plaintiff is **ORDERED** to complete the service packet for defendant Ward and return it to the Clerk's Office within twenty (20) days of the date of receipt of this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendant Ward shall answer or otherwise respond to the complaint within twenty (20) days from the date of service. Defendant's failure to timely respond to the complaint may result in entry of judgment by default against defendant.

Plaintiff is **ORDERED** to inform the court, and the defendant or his counsel of record, immediately of any address changes. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action.

Pursuant to § 804 of the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2), the plaintiff is **ORDERED** to submit, within fifteen (15) days of the date of this Order, a

certified copy of his inmate trust account statement for the six-month period preceding the date of his application to proceed *in forma pauperis*.

Because the plaintiff is an inmate in the Hamblen County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Hamblen County, Tennessee, and the county attorney for Hamblen County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The

Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**ENTER:**

                                                        s/ Thomas W. Phillips
                                                    United States District Judge